BYBEE, Circuit Judge,
dissenting:
I dissent. We are required to defer to the factfinding conducted by the Immigration Judge (“IJ”) and the Board of Immigration Appeals (“BIA”) unless “no reasonable factfinder could have reached the agency’s result.” Don v. Gonzales, 476 F.3d 738, 741 (9th Cir.2007) (quoting Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir.2005)). Ignoring this deferential standard of review, the panel majority overturns the IJ’s adverse credibility determination based purely on speculative arguments that Petitioner never advanced before the BIA, in his briefs, or at oral argument.
Petitioner Ajit Singh (“Singh”) seeks asylum on the basis that he was persecuted in India because of his activities on behalf of the Akali Dal (Mann) Party (“ADM”), a secessionist movement which supports the creation of an independent state for Sikhs called “Khalistan.” Singh had testified that he had become involved in the ADM through his brother, and that he spoke out at an ADM rally after his brother was allegedly arrested and detained for his pro-Khalistan views. He claims that since his brother’s arrest, he remains unaware of his brother’s whereabouts. On account of his involvement with the ADM and his relationship with his brother, Singh claims that the Punjab state police targeted him. Fearing for his life, Singh went into hiding and eventually fled India.
The IJ did not believe Singh’s story. The IJ’s adverse credibility determination was based upon a United Nations (“UN”) report that contradicted Singh’s testimony that his brother was arrested and detained *762 in a police raid of Today’s Voice, a newspaper which supports the creation of Khalis-tan. Singh had testified that the police arrested eight people in the raid, and that his brother, Geswinder Singh, was one of the eight. The UN report on the Today’s Voice raid identified the eight people who were arrested; Singh’s brother’s name was not listed. The IJ found that this inconsistency went to the heart of Singh’s asylum application. Singh had testified that he joined the ADM in part because of his brother’s influence and that it was his brother’s arrest after the Today’s Voice raid which prompted him to speak out at the ADM rally on January 26, 1994. Singh further claimed that it was his participation in that rally which allegedly made him a target for the police and prompted him to go into hiding. Lack of credibility on Singh’s testimony about his brother’s arrest would therefore call into doubt whether Singh and his family actually suffered political persecution in India at all.
Contrary to the majority’s analysis, Singh did have an opportunity to explain this contradiction before the IJ. When pressed for an explanation, Singh suggested that his brother might have been using a different name, but that he was never aware that his brother used a name other than Geswinder Singh.
Contrary to what the majority concludes, the IJ directly addressed Singh’s contradictory testimony, discussed his purported explanation, and rejected it. The IJ was correct to reject Singh’s purported explanation that his brother might have been using a different name, since it amounted to nothing more than speculation. Singh nonetheless had another opportunity to explain the contradiction in his appeal to the BIA. Instead, his brief before the BIA repeats the explanation Singh offered before the IJ and also suggests, without any basis, that the UN report might have been inaccurate. Singh’s briefs before this court likewise repeat these arguments without further elaboration. These non-responsive explanations do not compel a reasonable factfinder to conclude that the IJ erred in deeming Singh not credible.
In the face of substantial evidence supporting the IJ’s adverse credibility determination, the majority manufactures speculative arguments in its efforts to explain away the contradictions in Singh’s testimony. The majority argues that “[i]t is not clear that [Singhj’s brother’s name was not in the [UN] report” because of “potential variations in the English spelling of Punjabi names.” Maj. Memo, at 760. Singh never made this argument before the IJ, the BIA, or in his briefs to this court. At oral argument, Singh’s counsel noted for the first time that the name Jasbir Singh, which is mentioned in the UN report, was “similar” to the name of Singh’s brother, Geswinder Singh, and implied that the report might actually be referring to “Geswinder” when it mentions “Jasbir.” When asked whether the names “Jasbir” and “Geswinder” were equivalent names in India, however, counsel equivocated, and simply repeated her assertion that the names were “similar.” Further, the UN report does not actually list the name “Jasbir Singh,” but instead names two people with similar names: “Jasbir Singh Khalsa” and “Jasbir Singh Manow-an.” At argument, Singh’s counsel conceded that “Jasbir Singh Manowan” did not refer to Singh’s brother. When asked whether the name “Jasbir Singh Khalsa” bore any relationship to Singh’s family, counsel responded “no,” but then explained that “Khalsa” was not a family name, but a title used by some supporters of an independent Khalistan. Counsel nonetheless conceded that Singh never testified that “Jasbir Singh Khalsa” might have actually referred to his brother, Ges-winder Singh.
*763 The panel appears to assume that the requirement that the IJ provide “a specific, cogent reason” for an adverse credibility determination is license for us to conduct de novo review of the record and to introduce facts and arguments that were never presented by the parties. See generally Hartooni v. I.N.S., 21 F.3d 336, 342 (9th Cir.1994) (“[T]he [IJ] must have a legitimate articulable basis to question the petitioner’s credibility, and must offer a specific, cogent reason for any stated disbelief.”). In doing so, the majority forgets that it is the petitioner’s burden, not the court’s, to explain why no reasonable fact-finder could have reached the IJ’s result. See Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004) (“So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner’s] claim of persecution, we are bound to accept the IJ’s adverse credibility finding.”) (quoting Wang v. I.N.S., 352 F.3d 1250, 1259 (9th Cir.2003) (first alteration omitted)). See also 8 U.S.C. § 1252(b)(4)(A) (“[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.”). Here, Singh’s testimony about his brother’s arrest was contradicted by an official UN report, which did not list his brother’s name among those who were arrested. This contradiction formed a “legitimate articulable basis to question [Singh’s] credibility.” Har-tooni, 21 F.3d at 342. The IJ further explained that this contradiction went to the heart of Singh’s application because his brother played a central role in Singh’s purported narrative. If this does not form a “specific, cogent reason” to support the IJ’s adverse credibility finding, then I do not know what does.
Because Singh points to no evidence that compels us to conclude that the IJ erred, I would deny the petition for review.